IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERNELL STROMAN-BEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 16-605-SLR |
| ) | |
| WARDEN, and ATTORNEY ) | |
| GENERAL OF THE STATE ) | |
| OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

1. **Background.** Petitioner is an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware. He has filed papers which appear to be challenging unidentified convictions on the ground that the Delaware courts lacked jurisdiction to convict him because he is a "Moorish American." (D.I. 3) He requests three types of relief: release from incarceration, injunctive relief, or unspecified monetary damages, and appears to be asserting his suit as both a federal habeas proceeding and a proceeding under 42 U.S.C. § 1983. (D.I. 2; D.I. 3) Petitioner has also filed a motion to proceed in forma pauperis. (D.I. 1)

2. **Standard of Review.** A district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

3. **Discussion.** The court liberally construes the instant filing as an application for habeas relief under 28 U.S.C. § 2254. Although not entirely clear, petitioner appears to assert that he is immune from the laws of the United States because he is a Moorish

citizen and, therefore, his unidentified convictions should be reversed and he should be released from his incarceration in a Delaware correctional institution. This argument has no basis in law or fact. Regardless of petitioner's nationality or religion, he is subject to the laws of the jurisdiction in which he resides. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 applications); *see, e.g., Jones-Bey v. Alabama,* 2014 WL 1233826, at *3 (N.D. Ala. Mar. 25, 2014)("There is no basis in the law for such a claim" that the State of Alabama did not have jurisdiction to prosecute and imprison petitioner based on his ancestry as a "Moorish American."); *Bey v. Bailey,* 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010)("the suggestion that Petitioner is entitled to ignore the laws of the State of New York by claiming membership in the Moorish-American nation is without merit and cannot be the basis for habeas relief."); *Osiris v. Brown,* 2005 WL 2044904, at *2-*3 (D. N.J. Aug. 24, 2005); *see also Byrd v. Blackman,* 2006 WL 2924446, at *1 n.1 (E.D. Pa. Oct. 5, 2006)(explaining the background of the Moorish beliefs). Therefore, petitioner's status as a "Moorish American" does not provide a viable challenge to his convictions.

  4. To the extent petitioner requests monetary damages or other relief under 42 U.S.C. § 1983, such claims are not reviewable in a habeas proceeding. *See Calhoun v. Glint,* 2014 WL 5795565, at *1 (W.D. Pa. Nov. 6, 2014)(a petitioner "is not permitted to pursue both habeas claims and civil rights claims in a single civil action."); *see also Burnam v. Marberry,* 313 F. App'x 455, 456 n. 2 (3d Cir. 2009)(criticizing district court for construing the application as filed pursuant to 28 U.S.C. § 2241 but also entertaining

the non-habeas claims, and explaining that the better approach would have been to have "construed the action as one of habeas corpus but to restrict its scope to challenges to the fact or duration of Burnam's confinement, or the execution of his sentence."). Petitioner does not assert any other challenges to his state court convictions. Therefore, the court will summarily dismiss the instant application because petitioner has failed to assert a basis for federal habeas relief.

5. Having decided to summarily dismiss the instant application, the court will deny as moot petitioner's motion to proceed in forma pauperis. (D.I. 1)

6. **Conclusion.** For the above reasons, the court will summarily dismiss the instant application. The court will also decline to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order shall issue.

Dated: July 21, 2016

_____
UNITED STATES DISTRICT JUDGE

3